# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

**RICHARD ARENA**                                                                                      **CIVIL ACTION NO. 05-0919**

**VS.**

**GRAYBAR ELECTRIC COMPANY INC., ET AL**                          **MAGISTRATE KAY**

## MEMORANDUM ORDER

In his complaint, plaintiff Richard Arena contends that this court has original jurisdiction of the above-referenced civil action pursuant to 28 U.S.C. 1331 because this matter arises under the laws of the United States. [Doc. 1]. This "federal question" jurisdiction is predicated upon application of the Miller Act, 40 U.S.C. 3133, *et seq*. *Id*.

At trial, counsel for the plaintiff conceded that although the action was "originally brought under the Miller Act" defendants never secured a bond as required by the Act. Tr. 170. Plaintiff's post-trial memorandum mentions nothing about the Miller Act and instead describes the applicable Louisiana state law. [Doc. 38]. Defendant's post-trial memorandum likewise analyzes the issues exclusively in terms of state law. [Doc. 37].

This court is now concerned that it lacks subject matter jurisdiction over the cause(s) of action. If so, the court must dismiss. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)); *U.S. v. Texas Tech University*, 171 F.3d 279 (5th Cir. 1999). The court seeks input from both parties on this issue.

Accordingly,

**IT IS ORDERED** that not later than 5:00 PM July 16, 2008, the plaintiff file a brief on the question of this court's subject matter jurisdiction over the above-referenced action.

**IT IS FURTHER ORDERED** that not later than 5:00 PM July 23, 2008, the defendants file a response to plaintiff's brief.

**THUS DONE AND SIGNED**, in Chambers, at Lake Charles, Louisiana, this 7th day of July, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE