UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| RICHARD ARENA | : | DOCKET NO. 2:05-cv-919 |
|---|---|---|
| VS. | : | |
| GRAYBAR ELECTRIC COMPANY INC., ET AL | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Plaintiff Richard Arena filed this suit on May 25, 2005 alleging that the defendants had violated provisions of the Miller Act, 40 USC §§ 3133-3134.[1] Doc. 1. Additionally, plaintiff sought payment for extra labor and materials furnished pursuant to a sub-contract for roofing done at Fort Polk, Louisiana under the state law of Louisiana. *Id.* Plaintiff's Complaint alleges that federal "subject matter" jurisdiction is based on 28 USC § 1331, predicated on the alleged Miller Act violation, and that this court has supplemental jurisdiction to consider the state law claims based on 28 USC § 1367. *Id.*

At trial, no evidence was presented on the alleged violation of the Miller Act and counsel for the plaintiff conceded that, although the action was "originally brought under the Miller Act," defendants never secured a bond as required by the Act. In fact, both parties agreed that the Miller Act was not applicable to the proceedings. This occurrence caused the court to question its jurisdiction and to seek supplemental filings from the parties on the issue. *See* Doc. 42.

Plaintiff, in response, argues that "[i]n the event the court should determine that subject matter jurisdiction does not exist (or that it should not exercise supplemental jurisdiction) then

---

[1] Pursuant to provisions of 28 U.S.C. § 636(c) and Fed. R. of Civ. Proc. 73, this case was referred for magistrate adjudication on January 6, 2006. Doc. 10.

the court should exercise jurisdiction over plaintiff's state law claims on the basis of diversity of citizenship." Doc. 45, at 6. Plaintiff alleges in this filing that he is domiciled in Benbrook, Texas and that defendant Graybar Electric Company is domiciled in New York City with its principal place of business in Clayton, Missouri, while defendant Stevens Land & Construction, LLC is domiciled and principally does business in Leesville, Louisiana. *Id.* at 6-7.

In federal court, it is the plaintiff who "has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000); *accord Matherly v. Lamb*, 414 F.Supp. 364, 366 (D.C. Pa. 1976) ("Jurisdiction must, of course, be pleaded in the complaint . . . and subsequent oral or written reference to claimed sources of jurisdiction do not suffice." ).

In this case, plaintiff's Complaint does not plead diversity jurisdiction. Doc. 1. Further, the Complaint does not support plaintiff's statement of where all parties are domiciled made in the supplemental filing. Doc. 45, at 6-7. For example, plaintiff failed in his Complaint to include his own domicile. Doc. 1. However, the Fifth Circuit Court of Appeal has determined that such a defect need not be fatal. "Upon leave of the court a party may amend defective allegations of jurisdiction, even after judgment has been entered or an appeal taken." *Eklund v. Mora*, 410 F.2d 731, 732 (5th Cir. 1969).

The case of *Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000) is instructive. There the plaintiff brought an action alleging violations of the Family Medical Leave Act and the Americans with Disabilities Act, and asserting causes of action under state common law. *Whitmire*, 212 F.3d at 886. The plaintiff asserted that subject matter jurisdiction was proper under the court's "federal question" jurisdiction and its supplemental authority over pendent state

law claims. *Id.* Defendant filed a motion for summary judgment as to plaintiff's federal claims and the district court granted the motion and also dismissed plaintiff's state law claims without prejudice. *Id.* Plaintiff sought to preserve her case in federal court by amending her pleadings to properly allege that all requirements of diversity jurisdiction were satisfied from the inception of her case and that diversity could serve as an alternative basis for jurisdiction. *Id.* When the district court denied plaintiff's motion, she appealed. *Id.*

The appeal court determined that plaintiff could amend her Complaint to show that subject matter did in fact exist:

> A plaintiff may correct a failure to set forth diversity as an alternate basis for jurisdiction by amending her complaint pursuant to 28 U.S.C. § 1653.
> . . .
>
> We have repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely "technical" or "formal" grounds. . . . Furthermore, technical defects or failure to specifically allege the citizenship of a party can be cured even in the appellate courts. . . . In general, a motion for leave to amend should be granted if it would do nothing "more than state an alternative jurisdictional basis for recovery upon the facts previously alleged."
> . . .
>
> A district court's power to authorize amendments to cure a competence problem under [§] 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect. While a district court can remedy inadequate jurisdictional allegations, it cannot remedy defective jurisdictional facts. The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction.

*Id.* at 887-88 (internal citations and quotations omitted).

Accordingly, it is ORDERED that consideration of plaintiff's state law claims pursuant to the court's supplemental jurisdiction under 28 USC § 1367 is STAYED. Plaintiff, in the meantime, is given 30 DAYS from the day of this Order to submit an amended Complaint

3

properly alleging diversity jurisdiction if such jurisdiction was present at the inception of the filing of this case. Should plaintiff fail to do so, the court will consider its jurisdiction based on the current filings.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this the 5th day of September, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE