UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD A. ARENA JR. d/b/a WATER-TITE ROOFING** | : | **DOCKET NO. 05-cv-0919** |
| **VS.** | : | **JUDGE MINALDI** |
| **GRAYBAR ELECTRIC CO., INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Plaintiff Richard A. Arena, Jr., d/b/a Water-Tite Roofing (Arena) filed a claim against the defendants, Graybar Electric Company, Inc. (Graybar) and Stevens Land Construction, LLC (Stevens), in this court on May 25, 2005. Doc. 1. The petition alleged breach of contract pertaining to a roofing project in the on-post military housing units of the Army base at Fort Polk, Louisiana. *Id.*

In the original complaint, plaintiff also alleged violations of the Miller Act, 40 U.S.C. § 3131, *et. seq. Id.* At inception of the trial, however, counsel for plaintiff conceded that defendants had not secured a bond as required by § 3131 and the Miller Act claim was dismissed. Doc. 53, p. 4. After trial plaintiff was allowed to amend his complaint in order to allege diversity that existed at the time of the original complaint. Doc. 48. On these grounds, the court found that it had jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 53, p. 5.

On March 31, 2010, this court issued Findings of Fact and Conclusions of Law awarding to plaintiff $163, 295.00 and interest for defendants' breach of contract. *Id.* at 9.

1

Now before this court is a motion for new trial pursuant to Rule 59, *Federal Rules of Civil Procedure,* filed by defendants on April 27, 2010.

**I.**
**Discussion**

Rule 59 of the *Federal Rules of Civil Procedure* empowers a trial court following a non-jury trial to grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). The trial court may, after non-jury trial, "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59(a)(2).

A trial court's decision to grant a new trial is a matter "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *see also Midland West Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 (5th Cir. 1990) (noting that a Rule 59 motion "lies solely within the discretion of the trial court" and that the standard of review of denial of such a motion is "abuse of discretion"). A motion to alter a judgment pursuant to Rule 59 "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."); *Theriot v. Parish of Jefferson*, 966 F.Supp. 1435, 1452 (E.D. La. 1997) (quoting *Burzynski v. Travers*, 111 F.R.D. 15, 16 (E.D.N.Y.1986)) ("[A] judgment should not be set aside except for substantial reasons.") (internal quotations omitted).

The trial court may grant a new trial in the context of a Rule 59 motion for "only three possible grounds . . . : (1) an intervening change in controlling law, (2) the availability of new

evidence not previously available, [or] (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citing *Natural Resources Defense Council v. United States Envtl. Protection Agency*, 705 F.Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F.Supp. 3 (D.D.C. 1989)). With regard to the third ground, courts caution "that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Id.*; *see also Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

In the Fifth Circuit, a Rule 59 decision will be upheld as long as district court, in its discretion, "strike[s] the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

## II.
## Argument and Analysis

Defendants allege in their motion that when this court determined that it lacked federal subject-matter jurisdiction under the Miller Act, "no diversity jurisdiction existed at that time under 28 U.S.C. [§] 1332. Thus, this Honorable Court was without jurisdiction to order an amendment to the complaint to assert a . . . jurisdictional basis which had not previously been pleaded by Plaintiff." Doc. 62, pp. 2-3. Further, defendants allege that even if the amendment to the complaint was proper, the plaintiff was a citizen of the State of Louisiana at the time of the original complaint, and, therefore, no diversity of citizenship existed.[1] *Id.* Defendants suggest

---

[1] Defendants attach as Exhibit 1 to their memorandum a document they claim to be proof of plaintiff's residence in

3

that "due process" mandates they be afforded an opportunity to engage in post-judgment discovery on the issue of plaintiff's citizenship.

Although they do not articulate this as the basis of their motion, defendants appear to be seeking to invoke Rule 59 due to a "need to correct a clear error of law." *Atkins*, 130 F.R.D. at 626.

A.  *Defendants' Claim the Court Lost Jurisdiction when Plaintiff Waived His Federal Question Claim*

Defendants are not correct when they claim this court lost jurisdiction once the federal question claim has been dismissed.

Federal courts have

> long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *see Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); *Siler v. Louisville & Nashville R. Co.,* 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909).

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65, 118 S.Ct. 523, 529-530 (1997). This principal of pendant jurisdiction has been codified in 18 U.S.C. § 1367.

Once a court has concluded that it may exercise pendent jurisdiction over state law claims (that the claims "derive from a common nucleus of operative fact," *supra*) then the court must determine whether it *should* exercise pendent jurisdiction for pendant jurisdiction "is a doctrine

---

the state of Louisiana at least from "April 29, 1999 up to and including September 30, 2005, when his registration was cancelled due to a felony conviction." Doc. 62, p. 3. Relying on the factors identified in *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir. 1990), overruled on other grounds by *Little v. Liquid Air Corp,* 37 F.2d 1069 (5th Cir. 1994), we decline to consider this evidence. To the extent the document may be actual evidence of the citizenship of the plaintiff, a point not conceded, mover has given no reason why this information was not presented before judgment was entered. This information was most certainly available to mover prior to the time of its submission, and, given the ultimate disposition of this case, the defendant will suffer no prejudice from our refusal to reopen the evidence. Thus when balancing "the need to bring litigation to an end" against "the need to render just decisions on the basis of all the facts," *id.* at 174, we find admission of this evidence unnecessary.

of discretion, not of . . . right," *Gibbs,* 383 U.S., at 726, 86 S.Ct., at 1139. The Supreme Court has stated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.*, at 357, 108 S.Ct., at 623; *see also Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The statute itself authorizes a district court to decline to continue its exercise of pendant jurisdiction (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive . . . ." *Id.* Nevertheless 28 U.S.C. § 1367(a) permits the district court to exercise "wide discretion in determining whether to retain jurisdiction over the remaining state law claims."[2] *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994); *see also Martin v. Waring Investments Inc.*, 323 Fed.Appx. 313, 317 (5th Cir. 2009) ("When all federal claims are dismissed from the case or controversy before the district court, . . . § 1367(c)(3) permits the district court to exercise wide discretion in determining whether to retain jurisdiction over the remaining state law claims."); *Cann v. Stalder*, No. 06-2319, 2007 WL 2071816, *5 (W.D. La. June 4, 2007) ("A federal

---

[2] As explained by the Supreme Court in *Gibbs*, 383 U.S. 715, 86 S.Ct. 1130,
> The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Id.* at 725 (citations omitted).

5

district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

In applying these factors to the instant case we find that the claim under the Miller Act arose out of the same operative facts as the state law claim. The Miller Act claim was dismissed "at the inception of trial" and plaintiff was allowed to proceed "pursuant to applicable state law claimed in the original complaint." Doc. 53, p. 4. This court was extremely familiar with the facts of the case. *See Batiste*, 179 F.3d 217 (district courts should retain supplemental jurisdiction when "intimately familiar" with the merits of the case). Sending this suit to a state court would have created a substantial duplication of judicial effort. *See Wentzka v. Gellman*, 759 F.Supp. 484 (E.D. Wis. 1991) (noting that a district court may "retain pendent jurisdiction in cases in which it has already committed such substantial resources that sending the case to another court would cause a substantial duplication of judicial effort," where the case had been in federal court for 2 years and two hearings had taken place); *Philan Ins. Ltd. v. Frank B. Hall & Co., Inc.*, 786 F.Supp. 345 (S.D.N.Y. 1992) (same).

Taken together, the common law factors weighed heavily in favor of supplemental jurisdiction. This court's dismissal of plaintiff's Miller Act claim did not defeat subject matter jurisdiction but rather gave this court an opportunity, in its discretion, to remand after consideration of the factors set forth above. The state law claim was neither novel nor complex and there were no exceptional reasons for this court to have declined jurisdiction. In fact given the posture of the proceeding when the Miller Act claim was dismissed – the parties were present, in the courtroom, ready for trial – this court is confident that its decision to maintain jurisdiction over the pendant claim was proper and that a decision to remand on the day of trial

would have been an abuse of discretion.

For all of these reasons, we find no merit to the contention of the defendants that this court lost jurisdiction when the federal claim was dismissed and we further find that our decision to retain jurisdiction over the state law claims did not constitute "clear error" as required by Rule 59.

### B. *No Diversity Jurisdiction Exists and This Court Should Allow Discovery to Establish that Fact.*

Given our conclusion above that this court can and did exercise pendant jurisdiction over the state law claims, then the existence or non-existence of diversity jurisdiction is irrelevant. Nevertheless we do note that defendants attach to their pleading an exhibit that they suggest establishes plaintiff is domiciled in the State of Louisiana. For reasons set forth in footnote 1, we do not consider that proffered evidence.

Further defendants ask that they be allowed to conduct post-judgment discovery. Doc. 62, pp. 3-4.] We conclude that to do so would unnecessarily delay finality of this matter and would be imprudent.

Through this request defendants are asking to be allowed to conduct discovery that was patently available to them prior to entry of judgment. In their supplemental post-trial memorandum [doc. 45] – submitted fifteen days after this court ordered plaintiff to amend his complaint [doc. 42] and seven days after he did so [doc. 43] – defendants presented no evidence of plaintiff's Louisiana residence, nor did they argue as much. *See* doc. 45., p. 6; *see also Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (noting that "failure to present evidence which [was] available at the time . . . constitute[s] a valid basis for denying a motion to reconsider").

7

## III.
## Conclusion

For the foregoing reasons, defendants' request for post-judgment relief is denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 5th day of October, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE